EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorney
PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES OF AMERICA'S |
| | ) | MEMORANDUM IN OPPOSITION |
| vs. | ) | TO DEFENDANT'S MOTION TO |
| | ) | SEVER; CERTIFICATE OF |
| ROBERT ALEXANDER SIGOUIN, (2) | ) | SERVICE |
| KEVIN PATRICK CASH,     (3) | ) | |
| | ) | Date:  February 6, 2005 |
| Defendant. | ) | Time:  10:30 a.m. |
| | ) | Judge: Hon. Kevin S.C. Chang |
| | ) | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO SEVER**

COMES NOW the United States of America, by and through

Edward H. Kubo, Jr., United States Attorney, and Mark A.

Inciong, Assistant United States Attorney, and hereby files its

response to Defendants' above-referenced motion.  Said response

is based upon the files and records of this case, together with

the attached statement of facts and memorandum of points and
authorities.

## I.
## STATEMENT OF THE CASE

Defendants ROBERT ALEXANDER SIGOUIN and KEVIN PATRICK CASH
are presently charged in a Second Superseding Indictment with
Conspiracy to Distribute 100 grams or more of Heroin, in
violation of Title 21, United States Code, Sections 841(a)(1),
(b)(1)(B), Possession of Heroin, with Intent to Distribute, in
violation of Title 21, United States Code, Sections 841(a)(1),
(b)(1)(B) (SIGOUIN only) and Unlawful User of a Controlled
Substance in Possession of a Firearm and Ammunition, in violation
of Title 18, United States Code, Sections 922(g)(3) and
924(a)(2)(CASH only).

## II.
## STATEMENT OF FACTS

On May 29, 2005, Virginia Rosas Guerrero was arrested at the
Honolulu International Airport after arriving in Hawaii from Los
Angeles on American Trans Air flight #4755.  At the time of her
arrest, Guerrero was found to be in possession of approximately
295 grams of heroin which she had concealed in her crotch area.

Guerrero was advised of her Miranda rights in the Spanish
language which she voluntarily waived in writing.  Guerrero
agreed to provide a statement to federal agents and further

agreed to cooperate with law enforcement.  Guerrero admitted she had made several trips to Hawaii for the purpose of transporting heroin from Mexico to Hawaii.  Guerrero indicated she delivered heroin to Defendant Kevin Patrick Cash approximately six to eight times in exchange for United States currency.

Guerrero stated that her most recent trip was on May 21, 2005, when she flew to Honolulu from Los Angeles carrying an amount of heroin.  After her arrival in Honolulu, she was instructed by a woman in Mexico, via cellular telephone, to meet Defendant Cash at the Ala Moana Shopping Center.   While waiting outside of Sears near Old Navy, Cash arrived at the mall in his truck and picked up Guerrero and took her to her hotel.  At the hotel, Cash exchanged $3500 with Guerrero for heroin.

Guerrero continued to indicate she wished to cooperate and agreed to participate in a controlled delivery of heroin to both SIGOUIN and CASH.  On May 29, 2005, Guerrero placed recorded consensual telephone calls to the source of the heroin in Mexico who, in turn, contacted GUERRERO and CASH and arranged meetings between SIGOUIN and Guerrero at the Ohana Maile Sky Court Hotel in Waikiki and for CASH and Guerrero at Ala Moana Shopping Center.

At approximately 4:30 p.m., Guerrero telephoned the source in Mexico who told her that "Bob" would meet her in the lobby of the Ohana Maile Sky Court Hotel at 5:15 p.m. to pick up the

3

heroin and would return later that night with the money.  At
approximately 5:12 p.m. Guerrero was escorted to the hotel lobby
by federal agents where they immediately observed Defendant
Sigouin sitting on a bench near the elevators.  Guerrero stated,
"It's hot" in Spanish which was the prearranged alert signal she
was to give when she saw Siguoin.  Siguoin entered the elevator
followed by federal agents as he disembarked on the hotel's 11th
floor.  A search of Sigouin's person, incident to arrest,
revealed a small amount of heroin, drug paraphernalia and unknown
pills.

At approximately 5:40 p.m. on May 29, 2005, Defendant CASH
was observed by surveillance units arriving in his truck at Ala
Moana.  Federal agents made contact with Cash, placed him under
arrest and searched his person and vehicle incident to arrest.
During the searches, small amounts of heroin and methamphetamine
as well as $200 in cash was found on Cash's person.  An
additional $2000 was found in an envelope in Cash's vehicle.

Cash voluntarily waived his <u>Miranda</u> rights in writing and
admitted to agents that had gone to Ala Moana Shopping center to
"pick up two pieces" (i.e., buy approximately 50-56 grams of
heroin).  Cash advised that he had previously purchased heroin
from Guerrero six or seven times and that he paid $1000 an ounce
for the heroin.  Cash also stated he had just purchased $3500
worth of heroin from Guerrero a week earlier.

4

Cash voluntarily consented to a search of his Kailua residence and advised agents that he kept a .357 magnum revolver, which he had illegally purchased in the street, at his apartment. Prior to conducting the search, Cash was allowed to speak with his wife with whom he resided.  Cash's wife also consented to the search after speaking with federal agents.

While the apartment was searched, Cash told agents he had been using heroin for the past ten years and uses about one gram per day.  He admitted he started selling heroin about five years ago in order to pay for his addiction.  Cash stated he purchases the heroin for about $80 per gram and sells it for $140 per gram.

The search of Cash's residence yielded a Ruger Blackhawk .357 revolver found in a black leather jacket in Cash's bedroom closet as well as four other firearms: a Ruger .22 revolver, also found in the black leather jacket, a Winchester Model 72 .22 rifle and a Winchester Model 190 .22 rifle, both found in the bedroom closet.  Also discovered in the closet were approximately 200 rounds of .22 caliber, .25 caliber and 10mm ammunition.  In addition to the weapons and ammunition, agents seized small quantities of heroin, drug paraphernalia such as pipes and balloons and a list of phone numbers.

On June 3, 2005, federal agents executed a search warrant for a Sigouin's room as his residence at 6157 Makaniolu Place, Honolulu.  During the search, agents discovered $26,790 in cash,

amounts of heroin, methamphetamine and marijuana as well as drug paraphernalia and ammunition.  During the execution of the search warrant, Sigouin's wife, Wendie, advised agents that Sigouin was a Canadian citizen who had not worked in the last ten years.  She also admitted Sigouin was a heroin user and had discovered what she believed to be drugs and paraphernalia in his room.  She further explained that Sigouin had placed a lock on his door about one year ago so that no one else could enter and that he had the only key.  Wendie Sigouin provided to agents Sigouin's birth certificate, Canadian passport, Canadian social insurance card, Ontario health card and a Canadian driver's license.

### III.

### POINTS & AUTHORITIES

A.   DEFENDANTS AND ALL COUNTS ARE PROPERLY JOINED.

Defendant Sigouin argues that Count 3, which charges Cash with being an unlawful user of controlled substances in possession of a firearm and ammunition is improperly joined under both prongs of Rule 8, Federal Rules of Criminal Procedure which governs joinder of offenses and defendants.  Rule 8 provides in full as follows:

>     (a) Joinder of Offenses.  Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the

6

same act or transaction or on two more acts or
transactions connected together or constituting parts
of a common scheme or plan.

(b) Joinder of Defendants.  Two or more defendants
may be charged in the same indictment or Information if
they are alleged to have participated in the same act
or transaction or in the same series of acts or
transactions constituting an offense or offenses.  Such
defendants may be charged in one or more counts
together or separately and all of the defendants need
not be charged in each count.

Count 3 is properly joined under either prong of Rule
8.  The Ninth Circuit has consistently recognized that Rule 8(a)
is to be construed broadly in favor of joinder.  See United
States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971).

The party seeking the severance carries the burden of
proof.  United States v. Disla, 805 F.2d 1340, 1353 (9th Cir.
1986).  Rule 8(a) permits joinder against one defendant of
offenses "of the same or similar character" even where those
offenses arise out of wholly separate, unconnected transactions.
United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir.
1977).

In this case, the "similar character" between Count 3
and the drug counts in the indictment is that all charges arose
from the use, purchase and sale of drugs.  The firearm and
ammunition found in Cash's apartment were found amidst drugs,
drug paraphernalia and phone numbers connecting him to other
members of the conspiracy and were found on the same day Cash and
Guerrero arranged to purchase heroin from Guerrero.

7

Therefore, joinder of count 3 is proper because that count and the other counts are of "same or similar character" and "constituting parts of a common scheme or plan."

A number of circuits, including the Ninth Circuit, have held that where two or more defendants are charged, Rule 8(b) governs both joinder of offenses and defendants. United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977); United States v. Jackson, 562 F.2d 789, 793 (D.C. Cir. 1977); Williams v. United States, 416 F.2d 1064, 1068 (8th Cir. 1969); United States v. Eagleston, 417 F.2d 11, 14 (10th Cir. 1968). In Satterfield, the Ninth Circuit quoted from United States v. Roselli, 432 F.2d 879, 898 (9th Cir. 1970):

> Under Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.' It is irrelevant that Rule 8(a) permits charged 'of the same or similar character' to be joined against a single defendant, even though they do not arise out of the same or connected transactions. Charges against multiple defendants may not be joined merely because they are similar in character, and even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense or offenses. (emphasis added)

The Ninth Circuit has repeatedly stated that Rule 8(b) should be broadly construed to favor joinder. United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999), cert. denied, 530 U.S. 1220 (2000); United States v. Vasquez-Velasco, 15 F.3d 833, 844 (9th Cir. 1994); United States v. Ford, 632 F.2d 1354, 1373 (9th

8

Cir.), cert. denied, 450 U.S. 934, reversed on other grounds by
United States v. De Bright, 730 F.2d 1255 (9th Cir. 1984)(en
banc).  The goal is to maximize trial convenience and efficiency
with a minimum of prejudice.  Sarkisian, 197 F.3d at 975; United
States v. Roselli, 432 F.2d 879, 898 (9th Cir. 1970), cert.
denied, 401 U.S. 924 (1971).

　　　　In considering whether a particular set of events
constitutes a "series of acts or transactions" the Ninth Circuit
has held that "transactions" has a flexible meaning, Satterfield
at 1344, and that the existence of a "series" depends upon the
degree to which the events are related.  United States v. Ford,
632 F.2d 1354, 1371 (9th Cir. 1980), cert. denied, 450 U.S. 934
(1981), overruled on other grounds by United States v. De Bright,
730 F.2d 1255 (9th Cir. 1984)(en banc).  "Mere factual similarity
of events will not suffice [citations omitted].  Rather, there
must be some greater 'logical relationship' between the
occurrences [citations omitted].  Such a logical relationship may
be shown by the existence of a common plan, scheme, or conspiracy
[citations omitted] However, the plan, scheme, or conspiracy need
not be charged on the face of the indictment." Ford, 632 F.2d at
1372.  Indeed, the propriety of the decision to join under Rule
8(b) is not to be based solely on the face of the  indictment.
Ford, 632 F.2d at 843 n. 8.

　　　　Here, both Cash and Sigouin agreed, communicated and

9

planned with an individual in Mexico to have heroin brought to
Hawaii where they would purchase it, then further distribute it.
Phone toll records intertwine all three of those individuals
along with Guerrero together in a common objective.   The obvious
conspiracy among them eliminates any possible severance in this
matter.

          Joinder should also be permitted whenever the common
activity constitutes a substantial portion of the proof of the
joined charges.  Roselli, 432 F.2d at 899.   Contrary to defendant
Sigouin's claim, there is a substantial overlap of evidence
between Counts 1 (conspiracy to distribute and possess, with
intent to distribute heroin) and 2 (possession of heroin with
intent to distribute).   In order to find the defendants guilty of
Count 1 charging a violation of 21 U.S.C. §§ 846, 841(a)(1) and
(b)(1)(B), the United States must prove the following elements
beyond a reasonable doubt:

          1.   There was an agreement between two or more persons
          to commit at least one crime as charged in the
          indictment;

          2.   The defendant became a member of the conspiracy
          knowing of at least one of its objects and intending to
          help accomplish it;

It should be noted that the first element which the
government must prove to establish a violation of Count 1, by
definition, included the elements the United States must prove to
establish a violation of Count 2:

1.    The Defendant knowingly possessed a controlled substance; and,

2.    The defendant possessed it with the intent to deliver it to another person.

Thus, all counts are properly joined under Rule 8(b) because they arise out of the same "series of transactions" and there is substantial overlap of proof.

B.    <u>SEVERANCE SHOULD BE DENIED BECAUSE DEFENDANTS HAVE NOT SHOWN THAT ANY ALLEGED "SPILLOVER" WILL DEPRIVE THEM OF A FAIR TRIAL</u>.

Defendants requests relief from joinder under Rule 14, Federal Rules of Criminal Procedure.    Rule 14 provides that if a defendant is prejudiced by a joinder of offenses, the trial court may order an election or separate trials of counts.

The well-established rule is that jointly indicted defendants should be jointly tried.    <u>United States v. Matta-Ballesteros</u>, 71 F.3d 754, 770 (9th Cir. 1994); <u>United States v. Sears</u>, 663 F.2d 896, 900 (9th Cir. 1981), <u>cert. denied</u> <u>sub nom.</u>, <u>Werner v. United States</u>, 455 U.S. 1027 (1982).    Severance should only be granted in rare circumstances when a defendant meets a heavy burden of demonstrating serious prejudice to his right to a fair trial.    <u>United States v. Golb</u>, 69 F.3d 1417, 1426 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1127 (1996); <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 843-844 (9th Cir. 1994).    "Clearly this is not an easy burden to meet."    <u>United States v. Escalante</u>,

11

637 F.2d 1197, 1201 (9th Cir. 1980), <u>cert. denied</u>, 449 U.S. 856 (1980).

The allegation by the defendants that the jury might be confused or cumulate the evidence rarely justifies a severance because, to a certain degree, such risks are inherent in all joinder cases. See, e.g., <u>United States v. Reed</u>, 620 F.2d 709 (9th Cir. 1980). The test is whether joinder "is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever. <u>United States v. Kenny</u>, 645 F.2d 1323, 1345 (9th Cir. 1981), <u>cert. denied</u>, 452 U.S. 920 (1981). The defendant asserts that the jury will be unable to distinguish Count 3 from the drug counts and that Count 3 is more prejudicial than the first two drug counts. Defendant apparently has little faith in the collective and individual  ability of a jury to segregate the evidence as it relates to each count. The Ninth Circuit and other courts have routinely found the task is not beyond the capacity of a jury of one's peers.

In fact, judicial economy is so weighty a policy that it permits joinder "despite some degree of bias inherent in joint trials." <u>United States v. Tootick</u>, 952 F.2d 1078, 1080 (9th Cir. 1991). In this case, the cost to judicial economy that would result from a severance would be substantial. There would be a large duplication of presentation of evidence at separate trials.

In many instances, measures less drastic than ordering separate trials will suffice to cure any risk of prejudice. As the Ninth Circuit has held, appropriate limiting instructions, coupled with the "almost invariable" rule that "juries are presumed to follow their instructions," Richardson v. Marsh, 481 U.S. 200, 206, 211 (1987), will serve to minimize the risk of prejudice to any defendant. See, e.g., Golb, 69 F.3d 1417, 1426 (9th Cir. 1995), cert. denied, 517 U.S. 1127 (1996). The Court's General Jury Instruction 17D for multiple defendants, multiple counts specifically addresses this concern: "A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it should be considered separately. Also, the case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty of any of the offenses should not control your verdict as to any other offense or any other defendant."

With these principles in mind, defendants are not entitled to severance in any shape or form.

13

**IV.**

**CONCLUSION**

Because on all of the above, the United States respectfully requests that Defendants Siguoin and Cash's motion to sever be denied.

DATED: January 23, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney


By /s/ Mark A. Inciong
    MARK A. INCIONG
    Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by First Class Mail:

MARY ANN BARNARD, ESQ.                    January 23, 2006
Attorney at Law
P.O. Box 235520
Honolulu, Hawaii 96823

Attorney for
Defendant KEVIN PATRICK CASH


GLENN D. CHOY, ESQ.                       January 23, 2006
Dillingham Transportation Bldg.
735 Bishop Street
Suite 322
Honolulu, Hawaii  96813

Attorney for
Defendant ROBERT ALEXANDER SIGUOIN

DATED: January 23, 2006, at Honolulu, Hawaii.


/s/ Shelli Ann H. Mizukami