EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | FOR JUDICIAL DETERMINATION |
| | ) | OF THE MENTAL COMPETENCY |
| ROBERT ALEXANDER SIGOUIN,    (2) | ) | OF THE DEFENDANT |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION FOR JUDICIAL DETERMINATION
OF THE MENTAL COMPETENCY OF THE DEFENDANT

On February 6, 2006, counsel for the defendant, requested an order for judicial determination of defendant's mental competency.  The motion was based upon defense counsel's representation to the Court that defense counsel had concerns about the defendant's ability to understand the nature and

consequences of the proceedings against him and to assist in his defense.

The motion seeks a mental evaluation, to include physical and neurological testing as well, of the defendant and a judicial hearing on the issue of mental competency pursuant to 18 U.S.C. § 4241(a) and (b) and 18 U.S.C. § 4247. The government, represented by Assistant United States Attorney Mark A. Inciong, does not object to the Court granting the motion.

The Court having carefully considered the motion and the arguments made by the parties and for good cause appearing:

IT IS HEREBY ORDERED that the defense motion to determine mental competency of the defendant is GRANTED.

The Court finds that there exists reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS FURTHER ORDERED:

1. Pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the defendant is remanded to the custody of the U.S. Marshals Service for transport to a federal medical facility, as designated by the Bureau of Prisons. The defendant shall be committed to the custody of the Attorney General for placement into a suitable facility, for a psychiatric or psychological examination, to

include physical and neurological testing, for a reasonable period of time, not to exceed thirty days.  The director of said facility may apply for a reasonable extension, not to exceed fifteen days upon a showing of good cause that additional time is necessary to observe and evaluate the defendant.  It is recommended that the Bureau of Prisons consider whether or not the examination of the defendant can be done at his present location, which is the Federal Detention Center in Honolulu, Hawaii.

    2.   Pursuant to 18 U.S.C. § 4247© the examiner(s) shall file a report with the Court with copies provided for the defendant and for the government;

    3.   The report shall include:

    A.   the defendant's history and present symptoms;

    B.   the description of the psychiatric, psychological, and medical tests that were employed and their results;

    C.   the examiner's findings;

    D.   the examiner's opinions as to diagnosis and prognosis; and

    E.   the examiner's opinion as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    4.   A status conference on the competency issue has been set for March 24, 2006, before the Hon. Barry M. Kurren.

    5.   The trial, motion hearings and other proceedings in this case will be continued pending resolution of the issue of defendant's competency.

    IT IS FURTHER ORDERED that the interests of justice and extraordinary circumstances justify this continuance because it would be unfair to the defendant to proceed with this case until his mental competency is determined. Therefore the period of time from the filing of this order until the date when the competency hearing is held is excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(1)(H).

    IT IS SO APPROVED AND ORDERED:

    DATED: Honolulu, Hawaii, February 9, 2006.



                              Kevin S.C. Chang
                              United States Magistrate Judge

<u>U.S. v. Robert Sigouin</u>; Cr. No. 05-00248 JMS
"Order Granting Motion for Judicial Determination of the Mental Competency of the Defendant"