ORIGINAL

Robert Sigouin #92215-022
FDC Honolulu
PO Box-30080
Hono. Hi., 96820.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2006

at \_\_11\_\_ o'clock and \_\_16\_\_ min. A M
SUE BEITIA, CLERK

THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO-CR-05-00248-JMS |
| Plaintiff | ) | |
| | ) | MOTION FOR PRE-TRIAL HEARING ON ADMISSABILITY OF |
| VS | ) | |
| | ) | CO-CONSPIRATORS STATEMENTS in CASE NO CR-05-00248-JMS |
| ROBERT ALEXANDER SIGOUIN | ) | |
| Defendant | ) | |

MOTION FOR PRE-TRIAL HEARING ON ADMISSABILITY OF CO-CONSPIRATORS STATEMENTS.

Comes now Robert Sigouin a lawful man on the land by "special appearance".

I am an interrested 3rd party intervener in Case/Account NO-CR-05-00248-JMS. I am addressing this matter for Defendant ROBERT ALEXANDER SIGOUIN who Respectfully moves this Honorable Court to conduct a pre-trial hearing concerning the admissability of statements made by defendants alleged co-conspirators, pursuant to Rules 104(a) and 801(d)(2)(E) of the Federal Rules of Evidence.

In support thereof, we state as follows:
  1. Defendant, ROBERT ALEXANDER SIGOUIN, is charged with allegedly conspiring with ROSAS GUERRERO and KEVIN PATRICK CASH indicted co-conspirators, and other unindicted persons, to posess and distribute heroine, in violation of Title 21 United States Code Sections 846, 841(a)(1)&(b)(1)(B).
  2- Defendant anticipates that the Government will seek to introduce numerous statements made by alleged co-conspirators during the claimed conspiracy against the Defendant.
  3- Rule 801 of the Federal Rules of Evidence provides that a statement is not hearsay if the statement is offered against a party and is a statement (1) by a co-conspirator of a party (2) made during the course of, and (3) in furtherance of the conspiracy.
  4- Rule 104(a) of the Federal Rules of Evidence provides that preliminary questions concerning the admissibility of evidence shall be determined by the Court.
  5- The possibilities for fabrication of co-conspirators hearsay in the Case at bar are virtually endless; the prosecutor has a wide selection of events and co-conspirators from which to produce a witness who will testify to having heard a damaging declaration. The witness for the Government may not accurately remember or report the declaration, which could have taken place as long as three years and still come within the time frames charged in the conspiracies in the indictment.
  6- Therefore, because of the low reliability of a co-conspirators hearsay and its

highly prejudicial effect, the Court should be reluctant to admit this evidence in the absence of independent proof of the very agency relationship which provides the theoretical basis for hearsay exception in rule 801(d)(2)(E).

7. The procedure which eliminates exposing the Defendant to an unnecessary risk of prejudice is the pre-trial hearing, at which the Government must show preponderance of the evidence that the statement was made by a co-conspirator during the course and in furtherance of the conspiracy. The Court then, without a jury, considers whether the statements satisfy the requirements of Rule 801 (d)(2)(E) and makes a preliminary finding. If the statements are found admissable the case, including the co-conspirators declarations, is presented to the jury. The pre-trial hearing is the fairest method of prosecuting multiple defendants in a large "chain,""wheel" or "chain with wheels at both ends" conspiracy.

9. The pre-trial hearing is also the most logical and equitable time for the Defendant to present his rebuttal evidence, rather than in the middle of the Government's case (after thousands of dollars have been expended) and strikes the appropriate balance between the legitimate, through competing, interests of the Defendant the community, and the judicial process.

WHEREFORE, the Defendant ROBERT ALEXANDER SIGOUIN, respectfully urges this Court to grant this motion and conduct a pre-trial hearing for determination of the admissibility of hearsay statements pursuant to the co-conspirator exception to the hearsay rule.

Respectfully submitted,

_____
Robert Sigouin

Affidavit in support of MOTION FOR PRE-TRIAL HEARING ON ADMISSABILITY OF CO-CONSPIRATORS STATEMENTS in Case NO CR-05-00248-JMS

The above statements in the MOTION FOR PRE-TRIAL HEARING ON ADMISSABILITY OF CO-CONSPIRATORS STATEMENTS are all true, correct, the truth, the whole truth and nothing but the truth to the best of my first hand knowledge. I Robert Sigouin a lawful man and living soul do affirm this affidavit.

Signed under penalty of perjury,

_Robert S[signature]_

On this day the 21st, of March, 2006 AD, before me did personally appear Robert Sigouin to me known to be the person described in and who is executing the foregoing instrument, and acknowledged hat he executed the same as his free act and deed.

Witness my signature,

_Scott S[signature]_

Witness my signature,

_by David-Lang-Abara [signature]_

m

      A copy of Motion for pre-trial hearing on admissability of Co-conspirators statements and Affidavit in support have been sent by US Mail to:

Sue Beitia,Clerk,
The United States District Court
District of Hawaii,
300 Ala Moana Blvd.,
Hono., Hi.,96850.

Honorable J. Michael Seabright,
The United States district Court
District of Hawaii,
300 Ala Moana Blvd.,
Hono., Hi., 96850.

Mark A. Inciong A.U.S.A.,
Room 6-100,PJKK Federal Bldg.,
300 Ala Moana Blvd.,
Hono.,Hi.,96850.