```
EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG  CA BAR #163443
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT |
| v. | ) | SIGOUIN'S MOTIONS FOR: |
| | ) | |
| ROBERT ALEXANDER SIGOUIN,(2) | ) | (1) MANDATORY JUDICIAL NOTICE |
| KEVIN PATRICK CASH,      (3) | ) | OF VINDICTIVE PROSECUTION; |
| | ) | VIOLATION OF SPEEDY TRIAL |
| Defendants. | ) | AND PETITION FOR DISMISSAL; |
| | ) | (2) MANDATORY JUDICIAL NOTICE |
| | ) | OF DENIAL OF FIRST AND |
| | ) | FOURTEENTH AMENDMENT RIGHT |
| | ) | BY FDC HONOLULU; |
| | ) | (3) MANDATORY JUDICIAL |
| | ) | EVIDENCE OF FABRICATION OF |
| | ) | EVIDENCE BY THE FBI AND |
| | ) | ASSISTANT U.S. ATTORNEY; |
| | ) | (4) MANDATORY JUDICIAL |
| | ) | EVIDENCE OF PREJUDICE |
| | ) | DISCRIMINATION OF |
| | ) | DEFENDANT SIGOUIN; AND |
| | ) | (5) MANDATORY JUDICIAL NOTICES |
| | ) | SUBMITTED |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | TRIAL DATE: April 25, 2006 |
| | ) | TIME: 9:00 a.m. |
| | ) | JUDGE: Hon. J. Michael |
| | ) | Seabright |

**UNITED STATES' RESPONSE AND OPPOSITION**
**TO DEFENDANT SIGOUIN'S MOTIONS**

COMES NOW the United States of America, by and through Edward H. Kubo, Jr., United States Attorney, and Mark A. Inciong, Assistant United States Attorney, and hereby files its responses in opposition to Defendant Sigouin's various pretrial motions to be heard prior to trial in the above-referenced matter. Said responses are based upon the files and records of this case, together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

Defendants ROBERT ALEXANDER SIGOUIN and KEVIN PATRICK CASH are presently charged in a Fourth Superseding Indictment with Conspiracy to Distribute 100 grams or more of Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), Attempted Possession of Heroin, with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), Unlawful User of a Controlled Substance in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2)(CASH); Possession of Heroin, with Intent to Distribute, within 1000 feet of an elementary school, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 860

(CASH);  Alien in Possession of Ammunition, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(2)(SIGOUIN); and Forfeiture pursuant to Title 21, United States Code, Section 853 (SIGOUIN).

II

**STATEMENT OF FACTS**

On May 29, 2005, Virginia Rosas Guerrero was arrested at the Honolulu International Airport after arriving in Hawaii from Los Angeles on American Trans Air flight #4755.  At the time of her arrest, Guerrero was found to be in possession of approximately 295 grams of heroin which she had concealed in her crotch area.

Guerrero was advised of her <u>Miranda</u> rights in the Spanish language which she voluntarily waived in writing.  Guerrero agreed to provide a statement to federal agents and further agreed to cooperate with law enforcement.  Guerrero admitted she had made several trips to Hawaii for the purpose of transporting heroin from Mexico to Hawaii.  Guerrero indicated she delivered heroin to Defendant Kevin Patrick Cash approximately six to eight times in exchange for United States currency.

Guerrero stated that her most recent trip was on May 21, 2005, when she flew to Honolulu from Los Angeles carrying an amount of heroin.  After her arrival in Honolulu, she was instructed by a woman in Mexico, via cellular telephone, to meet Defendant Cash at the Ala Moana Shopping Center.   While waiting

outside of Sears near Old Navy, Cash arrived at the mall in his truck and picked up Guerrero and took her to her hotel. At the hotel, Cash exchanged $3500 with Guerrero for heroin.

Guerrero continued to indicate she wished to cooperate and agreed to participate in a controlled delivery of heroin to both SIGOUIN and CASH. On May 29, 2005, Guerrero placed recorded consensual telephone calls to the source of the heroin in Mexico who, in turn, contacted GUERRERO and CASH and arranged meetings between SIGOUIN and Guerrero at the Ohana Maile Sky Court Hotel in Waikiki and for CASH and Guerrero at Ala Moana Shopping Center.

At approximately 4:30 p.m., Guerrero telephoned the source in Mexico who told her that "Bob" would meet her in the lobby of the Ohana Maile Sky Court Hotel at 5:15 p.m. to pick up the heroin and would return later that night with the money. At approximately 5:12 p.m. Guerrero was escorted to the hotel lobby by federal agents where they immediately observed Defendant Sigouin sitting on a bench near the elevators. Guerrero stated, "It's hot" in Spanish which was the prearranged alert signal she was to give when she saw Siguoin. Siguoin entered the elevator followed by federal agents as he disembarked on the hotel's 11th floor. A search of Sigouin's person, incident to arrest, revealed a small amount of heroin, drug paraphernalia and unknown pills.

At approximately 5:40 p.m. on May 29, 2005, Defendant CASH was observed by surveillance units arriving in his truck at Ala Moana. Federal agents made contact with Cash, placed him under arrest and searched his person and vehicle incident to arrest. During the searches, small amounts of heroin and methamphetamine as well as $200 in cash was found on Cash's person. An additional $2000 was found in an envelope in Cash's vehicle.

Cash voluntarily waived his <u>Miranda</u> rights in writing and admitted to agents that had gone to Ala Moana Shopping center to "pick up two pieces" (i.e., buy approximately 50-56 grams of heroin). Cash advised that he had previously purchased heroin from Guerrero six or seven times and that he paid $1000 an ounce for the heroin. Cash also stated he had just purchased $3500 worth of heroin from Guerrero a week earlier.

Cash voluntarily consented to a search of his Kailua residence and advised agents that he kept a .357 magnum revolver, which he had illegally purchased in the street, at his apartment. Prior to conducting the search, Cash was allowed to speak with his wife with whom he resided. Cash's wife also consented to the search after speaking with federal agents.

While the apartment was searched, Cash told agents he had been using heroin for the past ten years and uses about one gram per day. He admitted he started selling heroin about five years

ago in order to pay for his addiction. Cash stated he purchases the heroin for about $80 per gram and sells it for $140 per gram.

The search of Cash's residence yielded a Ruger Blackhawk .357 revolver found in a black leather jacket in Cash's bedroom closet as well as four other firearms: a Ruger .22 revolver, also found in the black leather jacket, a Winchester Model 72 .22 rifle and a Winchester Model 190 .22 rifle, both found in the bedroom closet. Also discovered in the closet were approximately 200 rounds of .22 caliber, .25 caliber and 10mm ammunition. In addition to the weapons and ammunition, agents seized small quantities of heroin, drug paraphernalia such as pipes and balloons and a list of phone numbers.

On June 3, 2005, federal agents executed a search warrant for a Sigouin's room as his residence at 6157 Makaniolu Place, Honolulu. During the search, agents discovered $26,790 in cash, amounts of heroin, methamphetamine and marijuana as well as drug paraphernalia and ammunition. During the execution of the search warrant, Sigouin's wife, Wendie, advised agents that Sigouin was a Canadian citizen who had not worked in the last ten years. She also admitted Sigouin was a heroin user and had discovered what she believed to be drugs and paraphernalia in his room. She further explained that Sigouin had placed a lock on his door about one year ago so that no one else could enter and that he had the only key. Wendie Sigouin provided to agents Sigouin's

birth certificate, Canadian passport, Canadian social insurance card, Ontario health card and a Canadian driver's license.

### III

### **POINTS AND AUTHORITIES**

A. <u>"MANDATORY JUDICIAL NOTICE OF VINDICTIVE PROSECUTION; VIOLATION OF SPEEDY TRIAL AND PETITION FOR DISMISSAL"</u>

Contrary to Defendant Sigouin's assertions, his trial has been delayed on a number of occasions and for a number of reasons all attributable to the Defendant. First, he knowingly and voluntarily continued the trial date and "waived time" time from the Speedy Trial Act computation by way of a stipulation filed on August 10, 2005. On November 17, 2005, the trial was further continued due to the Defendant's request for additional time after a Second Superseding Indictment was returned against the Defendant. In late-November, 2005, Defendant indicated he had accepted a plea offer and, pursuant to the cooperation agreement contained within, was debriefed by federal agents on November 28, 2005. The following day, on November 29, 2005, Defendant was scheduled to enter a guilty plea in this matter but declined to do so after advising the court that he needed additional time to consult with his family. At that same court appearance, the Defendant requested an additional thirty day continuance of his trial date based on new charged that had been filed in a Third

7

Superseding Indictment on November 22, 2005. On January 11, 2006, another continuance was ordered after the Defendant's request to terminate his counsel, Richard Kawana, was granted so that new counsel could come into the case and be adequately prepared. Most recently, on March 23, 2006, trial was again continued at the request of Defendant Sigouin so that various motions he had filed, pro se, could be heard.

Thus, it is clear that all the delays which have occurred in this matter have been at the behest and benefit of the Defendant. Thus, there has been no violation of the Speedy Trial Act.

Similarly, Defendant fails to make any showing of vindictive prosecution. On five separate occasions, a federal grand jury panel has returned indictments in this matter against Sigouin and his co-Defendant, Kevin Patrick Cash, for a variety of federal criminal violations. The most recent of those, a Fourth Superseding Indictment returned on March 15, 2006, added one count against co-Defendant Cash only. There has been no evidence proffered by Defendant Sigouin as to any impropriety in the grand jury proceedings in this matter. As such, the indictments returned by this independent investigative body are per se proof of probable cause that Sigouin committed each of the crimes with which he is charged. Thus, by definition, there can be no vindictive prosecution and Sigouin's motion should be denied.

    B.    "MANDATORY JUDICIAL NOTICE OF DENIAL OF FIRST AND FOURTEENTH AMENDMENT RIGHT BY FDC HONOLULU"

Defendant complains in a motion field February 6, 2006 that he could not get certain documents notarized by the Federal Detention Center - Honolulu. The United States believes this claim is moot as Defendant has successfully filed at least a dozen motions since that time. Even if not moot, the United States has no power or authority over the Federal Detention Center or Bureau of Prisons. Sigouin can make arrangements through Glenn Choy, Esq., his standby counsel, to have any necessary documents notarized. Thus, Defendant's motion should be denied.

    C.    "MANDATORY JUDICIAL EVIDENCE OF FABRICATION OF EVIDENCE BY THE FBI AND ASSISTANT U.S. ATTORNEY"

In his rambling motion it is unclear, at best, what evidence Defendant Sigouin is accusing the FBI and undersigned counsel of fabricating. First, the FBI has never had any involvement in this matter. Secondly, the undersigned Assistant U.S. Attorney has no reason to believe that there has been any impropriety whatsoever with any of the evidence seized or gathered in this investigation. Furthermore, undersigned counsel has not handled anything other than copies and/or photos of actual items of evidence seized in this matter. Because Defendant Sigouin fails to make even a prima facie case of misconduct against any government agent or attorney involved in this matter, his motions should be denied.

    D.    "MANDATORY JUDICIAL EVIDENCE OF PREJUDICE DISCRIMINATION OF DEFENDANT SIGOUIN"

Defendant's motion alleging discrimination based on lack of medical attention is moot.  This issue was addressed by the Hon. Barry M. Kurren on March 24, 2006 at which time Judge Kurren ordered the medical director for the Federal Detention Center to appear and apprise the court of the status of medical care being provided to Defendant.  Defendant indicated at that time he was satisfied with the medical attention he was being given.

    E.    "MANDATORY JUDICIAL NOTICES SUBMITTED"

On March 14, 2006, Defendant filed a "motion" requesting hearing on a number of motions.  On March 24, 2006, Judge Barry M. Kurren set a hearing for each of the motions for April 21, 2006.  The Government's response to each of Defendant's "motions" are detailed above.

## IV

### CONCLUSION

As shown above, each of Defendant's motions is moot or entirely unsupported in law or in fact.  Accordingly, the United States respectfully requests that each of Defendant's motions be denied.

DATED:  April 14, 2006, at Honolulu, Hawaii.

                              EDWARD H. KUBO, JR.
                              United States Attorney

                         By  /s/ Mark A. Inciong
                             MARK A. INCIONG
                             Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

ROBERT ALEXANDER SIGOUIN                April 14, 2006
Federal Detention Center
P. O. Box 30080
Honolulu, HI 96820
Defendant PRO SE


Served Electronically through CM/ECF:

GLENN D. CHOY, ESQ.                     April 14, 2006
choyhawaii@hawaiiantel.net


DATED:  Honolulu, Hawaii, April 14, 2006.


                                        /s/ M. Derby-Taufa'asau