EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

MARK A. INCIONG, CA BAR #163443
Assistant U. S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | UNITED STATES AND DEFENDANT |
| | ) | CASH'S PROPOSED JOINT JURY |
| | ) | INSTRUCTIONS; CERTIFICATE |
| v. | ) | OF SERVICE |
| | ) | |
| ROBERT ALEXANDER SIGOUIN, (2) | ) | |
| KEVIN PATRICK CASH,    (3) | ) | Date:  April 25, 2006 |
| | ) | Time:  9:00 a.m. |
| Defendants. | ) | Judge:  Hon. J. Michael |
| | ) | Seabright |

UNITED STATES AND DEFENDANT CASH'S
PROPOSED JOINT JURY INSTRUCTIONS

The United States of America, through its undersigned

counsel, and Defendant Kevin Patrick Cash, through his counsel

Mary Ann Barnard, respectfully submits the following proposed

joint jury instructions.  Permission of the Court is requested

to withdraw any of the attached instructions or to offer

additional instructions as may, during the course of the trial,

become appropriate.

        DATED: April 21, 2006 at Honolulu, Hawaii.

               Respectfully submitted,

               EDWARD H. KUBO, JR.
               United States Attorney
               District of Hawaii


By <u>/s/ Mark A. Inciong</u>
    MARK A. INCIONG
    Assistant U.S. Attorney


    <u>/s/ Mary Ann Barnard</u>
    MARY ANN BARNARD, ESQ.
    Attorney for Defendant (3)
    KEVIN PATRICK CASH

PROPOSED JOINT JURY INSTRUCTION NO. 1

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

9th Cir. Crim. Jury Instr. 2.4 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 2

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

9th Cir. Crim. Jury Instr. 2.9 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

<u>PROPOSED JOINT JURY INSTRUCTION NO. 3</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.


9th Cir. Crim. Jury Instr. 3.1 (2005)


GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 4

The indictment is not evidence. The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 3.2 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 5

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

9th Cir. Crim. Jury Instr. 3.3 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 6

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9th Cir. Crim. Jury Instr. 3.5 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED JOINT JURY INSTRUCTION NO. 7

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

9th Cir. Crim. Jury Instr. 3.6 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was
        not in session is not evidence. You are to decide the
        case solely on the evidence received at the trial.

9th Cir. Crim. Jury Instr. 3.7 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Cir. Crim. Jury Instr. 3.8 (2006)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED JOINT JURY INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Crim. Jury Instr. 3.9 (2005)


GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count].

9th Cir. Crim. Jury Instr. 3.14 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 12

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

9th Cir. Crim. Jury Instr. 3.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 13

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

9th Cir. Crim. Jury Instr. 3.20 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 14

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

9th Cir. Crim. Jury Instr. 4.1 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 15

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Crim. Jury Instr. 4.17 (2002)

GIVEN         _____
REFUSED       _____
MODIFIED      _____

PROPOSED JOINT JURY INSTRUCTION NO. 16

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

9th Cir. Crim. Jury Instr. 4.19 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 17

The defendants are charged in the indictment with attempting to possess heroin with intent to distribute. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess heroin with the intent to deliver it to another person; and

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to possess heroin with the intent to distribute.

Mere preparation is not a substantial step toward the commission of possession of heroin with intent to distribute.

9th Cir. Crim. Jury Instr. 5.3 (2000)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 18

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.]  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9th Cir. Crim. Jury Instr. 5.6 (2002)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 19

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess, with intent to distribute, or attempted possession of heroin with intent to distribute unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

9th Cir. Crim. Jury Instr. 6.9 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 20

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Crim. Jury Instr. 7.1 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 21

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

9th Cir. Crim. Jury Instr. 7.2 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 22

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Crim. Jury Instr. 7.3 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 23

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9th Cir. Crim. Jury Instr. 7.4 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JOINT JURY INSTRUCTION NO. 24

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

9th Cir. Crim. Jury Instr. 7.5 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Crim. Jury Instr. 7.6 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED JOINT JURY INSTRUCTION NO. 26

The defendant is charged in Count 1 of the indictment with conspiring to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including May 29, 2005, there was an agreement between two or more persons to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that

the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not

required to prove that the defendant personally did one of the

overt acts.

9th Cir. Crim. Jury Instr. 8.16 (2005)

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

PROPOSED JOINT JURY INSTRUCTION NO. 27

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

9th Cir. Crim. Jury Instr. 8.18 (2005)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

PROPOSED JOINT JURY INSTRUCTION NO. 28

Defendant Cash is charged in Count 3 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user of or addicted to any controlled substance.

9th Cir. Crim. Jury Instr. 8.59 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 29

The defendants are charged in Counts 2 and 4, respectively, of the indictment with attempted possession of heroin with intent to distribute in violation of Sections 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess heroin with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of heroin with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

9th Cir. Crim. Jury Instr. 9.14 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 30

Defendant Cash is charged in Count 5 of the indictment with possession of heroin with intent to distribute, in, on or within 1,000 feet of the schoolyard of Kailua Elementary School in violation of Sections 841(a)(1) and 860 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed heroin;

Second, the defendant intended to deliver the heroin to another person; and

Third, the delivery took place in, on or within 1,000 feet of the schoolyard of Kailua Elementary School.

9th Cir. Crim. Jury Instr. 9.19 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

PROPOSED JOINT JURY INSTRUCTION NO. 31

The government is not required to prove that the amount or quantity of heroin was as charged in the indictment. It need only prove beyond reasonable doubt that there was a measurable or detectable amount of heroin.

9th Cir. Crim. Jury Instr. 9.30 (2005)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED JOINT JURY INSTRUCTION NO. 32

If and only if you find the defendant not guilty of knowingly and intentionally possessing, with intent to distribute, heroin within 1000 feet of Kailua Elementary School, or you are unable to reach a unanimous verdict as to this offense, then you must determine whether the defendant is guilty or not guilty of the included offense of distribution of heroin.

A person commits the offense of possession with intent to distribute heroin if that person knowingly possesses heroin with the intent to deliver it to another person.  There are two material elements of this offense, each of which the government must prove beyond a reasonable doubt.

These two elements are:

1.   That on or about May 29,2 005, in the District of Hawaii, Kevin Patrick Cash knowingly possessed heroin.

2.   That the defendant did so with the intent to deliver the heroin to another person.


U.S. v. Horsley, 56 F.3d 50 (11th Cir. 1995).




GIVEN        _____
REFUSED      _____
MODIFIED     _____

# CLEAN COPY OF

# JURY INSTRUCTIONS

INSTRUCTION NO. _____

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

INSTRUCTION NO. _____

You are about to hear testimony of a witness who will be testifying in a language other than English.  This witness will testify through the official court interpreter.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation of the witness's testimony.  You must disregard any different meaning of the non-English words.

INSTRUCTION NO. _____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. _____

The indictment is not evidence. The defendant has pleaded
not guilty to the charge.  The defendant is presumed to be
innocent and does not have to testify or present any evidence to
prove innocence. The government has the burden of proving every
element of the charge beyond a reasonable doubt.

INSTRUCTION NO. _____


A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. _____

The evidence from which you are to decide what the facts are

consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. _____

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count].

INSTRUCTION NO. _____

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

INSTRUCTION NO. _____

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English [interpretation] [translation]. You must disregard any different meaning of the non-English words.

INSTRUCTION NO. _____

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. _____

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. _____

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. _____

The defendants are charged in the indictment with attempting to possess heroin with intent to distribute. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess heroin with the intent to deliver it to another person; and

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to possess heroin with the intent to distribute.

Mere preparation is not a substantial step toward the commission of possession of heroin with intent to distribute.

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.]  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. _____

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of conspiracy to distribute and possess, with intent to distribute, or attempted possession of heroin with intent to distribute unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. _____

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. _____

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION NO. _____

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. _____

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. _____


A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. _____

The defendant is charged in Count 1 of the indictment with conspiring to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of Sections 846 and 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at a date unknown and continuing up to and including May 29, 2005, there was an agreement between two or more persons to distribute and to possess, with intent to distribute, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; and,

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

required to prove that the defendant personally did one of the

overt acts.

INSTRUCTION NO. _____

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. _____

Defendant Cash is charged in Count 3 of the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant was an unlawful user of or addicted to any controlled substance.

INSTRUCTION NO. _____

The defendants are charged in Counts 2 and 4, respectively, of the indictment with attempted possession of heroin with intent to distribute in violation of Sections 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess heroin with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of heroin with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. _____

Defendant Cash is charged in Count 5 of the indictment with possession of heroin with intent to distribute, in, on or within 1,000 feet of the schoolyard of Kailua Elementary School in violation of Sections 841(a)(1) and 860 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed heroin;

Second, the defendant intended to deliver the heroin to another person; and

Third, the delivery took place in, on or within 1,000 feet of the schoolyard of Kailua Elementary School.

INSTRUCTION NO. _____

The government is not required to prove that the amount or quantity of heroin was as charged in the indictment.  It need only prove beyond reasonable doubt that there was a measurable or detectable amount of heroin.

INSTRUCTION NO. _____

If and only if you find the defendant not guilty of knowingly and intentionally possessing, with intent to distribute, heroin within 1000 feet of Kailua Elementary School, or you are unable to reach a unanimous verdict as to this offense, then you must determine whether the defendant is guilty or not guilty of the included offense of distribution of heroin.

A person commits the offense of possession with intent to distribute heroin if that person knowingly possesses heroin with the intent to deliver it to another person.  There are two material elements of this offense, each of which the government must prove beyond a reasonable doubt.

These two elements are:

1.    That on or about May 29,2 005, in the District of Hawaii, Kevin Patrick Cash knowingly possessed heroin.

2.    That the defendant did so with the intent to deliver the heroin to another person.