ROBERT ALEXANDER SIGOUIN
Federal Detention Center
P.O. Box 30080
Honolulu, HI 96820
Telephone: (808) 838-4200

Defendant *Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-248-02 JMS-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT ROBERT ALEXANDER SIGOUIN'S MOTION IN LIMINE; and CERTIFICATE OF SERVICE |
| ROBERT ALEXANDER SIGOUIN, | ) | |
| Defendant. | ) | Trial: April 25, 2006<br>Hon. Judge J. Michael Seabright |

DEFENDANT ROBERT ALEXANDER SIGOIOM'S MOTION IN LIMINE

In accordance with F.R.E. Rule 104, Defendant requests rulings *in limine* as to admissibility of evidence. Defendant requests exclusion of the following based on relevancy [F.R.E. Rules 401 and 402] and prejudice [F.R.E. Rule 403] and expert requirements [F.R.E. Rule 702].

1.  Defendant requests exclusion of all evidence and testimony relating to drug transactions involving non-appearing co-defendants and non-defendants, in which defendant himself was not involved. Such information is irrelevant to the matters in dispute,

will confuse the jury more than assist it, and is unduly prejudicial to Defendant's penal interests.

    2.    Defendant requests exclusion of all physical evidence pertaining to non-appearing co-defendants and non-defendants, in which defendant himself was not involved in using or possessing. Such information is irrelevant to the matters in dispute, will confuse the jury more than assist it, and is unduly prejudicial to Defendant's penal interests.

    3.    Defendant is informed that the Government intends to call as an expert witness DEA agent. However, defendant anticipates that the testimony will consist of generalizations which may or may not apply to the defendant on trial. Such evidence will be irrelevant, more prejudicial than probative, and not admissible under Rule 702, F.R.E.

    Defendant further objects to testimony by government agents or Griselda Perez Medina from her debriefing in which she gave improper opinion without basis in personal knowledge, violating FRE 701 and FRE 602 respectively, to wit, "SA [Kapi] Muraoka questioned Perez Medina if the heroin . . . were for personal use. Perez Medina stated, 'No, because it's large amounts.' Furthermore, Harari Perez told her that Sigouin and Cash needed the drugs to sell to others."

    4.    Defendant requests exclusion of testimonial or documentary evidence relating to any other crimes, wrongs, or "bad acts" involving the defendant under FRE 404. In particular, Defendant objects to testimonial evidence and/or documentary evidence related to Defendant's alleged prior drug transactions with Virginia Rosas Guerrero and Griselda Perez Medina. Even if

relevant, admission of such evidence of uncharged misconduct would be unfairly prejudicial to Defendant under Rule 403, FRE.

5. Defendant requests exclusion of purported co conspirators' statements which are unsupported by independent evidence of the existence of the conspiracy, the Defendant's connection to it, and that the statement was made both during and in furtherance of the conspiracy.

6. Defendant requests exclusion of **hearsay** which may be elicited from government witnesses, including any hearsay by co-defendants and alleged co-conspirators, including the following:

   a) hearsay presented from Agent Pete Dias regarding statements by Rosas Guerrero made to him in the interview on May 29, 2005;

   b) hearsay from Virginia Rosas Guerrero during Pete Dias's interview with her relating what was said to her in cell phone calls she received, including, any hearsay from Ruby Perez to Rosas Guerrero on a cell phone on May 25, 2005 saying, "Bob and Kevin are out." Also, hearsay from Ruby Perez that Ruby told Rosas Guerrero her (Ruby's) mother was arrested in Hawaii, but not to worry about it;

   c) hearsay from California Special Agent Jonathan Sherwin regarding information received apparently from Griselda Perez Medina on May 28, 2005 regarding Virginia Rosas Guerrero's trip to Hawaii;

   d) any hearsay from investigators interviewing Defendant that is not recorded and transcribed for accuracy, as any unverifiable misquote from the interview of Defendant would force him to waive his right to remain silent;

7. Defendant requests exclusion of statements made by him

to the government agents prior to trial, and statements and commentary by the government agents upon Defendant's utterances; including his alleged statement from his debriefing that he sold heroin to Kevin Cash in the past and that Cash had told him he bought drugs from Rosas Guerrero at the Federal Detention Center;

This motion is supported by the attached memorandum and exhibits, as well as argument to be presented at hearing.

DATED: April 20, 2006.

_____
ROBERT ALEXANDER SIGOUIN
Defendant *Pro Se*