IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248-02 JMS-BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN |
| vs. | ) | SUPPORT OF MOTION |
| | ) | |
| RATSMY POUNPANYA (09), | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

Defendant's Motion in Limine is supported by the following arguments and authorities.

1. <u>Transaction not involving defendants</u>

Defendant requests exclusion of all evidence and testimony relating to drug transactions involving non-appearing co-defendants and non-defendants, in which defendant himself was not involved. As set forth in F.R.E. Rules 401, 202, and 403, such information is irrelevant to the matters in dispute and will confuse the jury more than assist it.

2. <u>Physical evidence not attributable to defendants</u>

Defendant requests exclusion of all physical evidence pertaining to non-appearing co-defendants and non-defendants, in which defendant himself was not involved as to use or possession. Such material is irrelevant to the matters in dispute and will confuse the jury more than assist it. As set forth in F.R.E. Rules 401, 402, and 403, such information is irrelevant to the matters is dispute and will confuse the jury more than assist it.

3. <u>Witnesses not disclosed in timely fashion</u>

Defendant request exclusion of all witnesses and exhibits which were not identified by the deadline set forth in the court's applicable order.

4.  <u>Statements made to Law Enforcement and Their Comments Thereon</u>

All statements made to government agents must be excluded under a voluntariness test as set forth in 18 U.S.C. Sec. 3501. Even if the Court finds such statements to have been uttered "voluntarily," any commentary or statements made by the examiner or person interviewing the defendant must be excluded as irrelevant under FRE Rule 402, and prejudicial under FRE Rule 403.

5.  <u>Expert Witness</u>

Defendant is informed that the Government intends to call as an expert witness DEA agent. Defendant aticipates that the testimony will consist of generalizations which may or may not apply to the defendants on trial. Such evidence will be irrelevant, more prejudicial than probative, and not admissible under Rule 702 F.R.E.

Rule 702, F.R.E. provides:

> If scientific, technical, or *other specialized knowledge* will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness, qualified as an expert b knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise [emphasis added].

In deciding to admit expert testimony, the court must initially decide whether the expert is to testify to (1) specialized knowledge that will (2) assist the trier of fact to understand or determine a fact

in issue. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 113 S.Ct. 2786 (1993). The proffered testimony is tantamount to an opinion on the ultimate issue of guilt and should not be allowed.

In addition, expert evidence must also meet the relevancy requirements of F.R.E. 401 which defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>United States v. Torniero</u>, 735 F.2d 625 (2d Cir. 1984)(expert evidence is subject to the relevance requirement). What other drug dealers and/or users do or have done is not relevant to the conduct of the defendant and other parties now before the court.

6. <u>Other Crimes, Wrongs, or Bad Acts</u>

The Court must severely scrutinize evidence regarding other crimes, wrongs, or bad acts involving Defendant due to its ability to unduly prejudice Defendant. The Court must be extremely careful to guard against the danger that the Defendant will be convicted because of proof of other offenses rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that the Defendant is actually guilty of the offense for which he is being tried.

Such evidence must be narrowly circumscribed and limited. The criminal conduct must be similar to the offense charged; and the conduct must be introduced to prove an element of the charged offense that is a material issue in the case and the Defendant has to be connected to it.

Even if proffered evidence can be categorized, it must nonetheless be relevant to establish an element of the offense that is a material issue.

Even if other acts are relevant, they should be excluded as the prejudice resulting from them outweighs their probative value. Once the prerequisites have been satisfied, the evidence is admissible for those purposes permitted by 404(b) if the court determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. In undertaking the balancing analysis, the court should also consider the need for evidence of prior criminal conduct to prove a particular point. The evidence should not be admitted unless there is an identifiable need for it. U.S. v. Bailleaux, 685 F.2d at 1110.

Further, a defendant cannot be identified as the perpetrator of the charged acts simply because he has at other times committed the same commonplace variety of criminal acts except by reference to the forbidden inference of **propensity**. The question for the court is whether the characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose of proof. U.S. v. Shackleford, 738 F.2d 776 (7th Cir. 1984).

Defendant must be tried on the facts of the case and not on other **uncharged "events"** that lack credibility, proof, reliability, and inherent relevance.

The Defendant must be tried for what he did, not for who he is. Thus guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts or wrongdoing. U.S. v. Mayans, 7 F.3d 1174 (9th Cir. 1994).

7. Co-Conspirators' Statements

Defendant requests exclusion of purported co-conspirators' statements which are unsupported by independent evidence of the existence of the conspiracy, the Defendant's connection to it, and

that the statement was made both during and in furtherance of the conspiracy.

A pretrial hearing is requested for proof of the foundational elements for admissibility of the subject statements.

    a.    Proof of the conspiracy

To prove conspiracy the government must show 1) an agreement to accomplish an illegal objective, 2) one or more overt acts in furtherance of the illegal objective; and 3) the required intent to carry out the substantive offense. U.S. v. Schmidt, 947 F.2d 1362 (9th Cir. 1991).

There must be some independent evidence of a conspiracy, in addition to the statements, before co-conspirators' statements can be admitted. U.S. v. Gordon, 844 F.2d 1397 (9th Cir. 1988).

    b.    Proof of Declarant's and Defendant's connection to the Conspiracy

Once an agreement is shown, evidence of the defendant's slight connection to the conspiracy is sufficient to prove knowing participation. U.S. v. Dunn, 564 F.2d 1348 (9th Cir. 1977). However, mere association with members of a conspiracy, the existence of and opportunity to join the conspiracy, or simple knowledge, approval of, or acquiescence in the objective or purpose of the conspiracy, without an intention and agreement to accomplish specific illegal objectives, is not sufficient to make one a conspirator. U.S. v. Melchor-Lopez, 627 F.2d 886 (9th Cir. 1980). Family ties, or other close association, are not enough to establish a conspiracy. U.S. v. Castaneda, 9 F.3d 761 (9th Cir. 1993).

    c.    Proof of the Statements

The statements must demonstrate a concert of action between the defendant and the declarant, and be made during the course of the conspiracy, and in furtherance of the conspiracy. U.S. v. Layton, 855 F.2d 1388 (9th Cir. 1988). To be in furtherance of a conspiracy, statements must further the common goals of the conspiracy, must be made to induce enlistment, further participation, prompt further action, allay fears or keep co-conspirators abreast of an ongoing conspiracy's activities. U.S. v. Arias-Villanueva, 998 F.2d 1502 (9th Cir. 1993).

8.  Hearsay

Any hearsay evidence must be excluded because it violates defendant's right to confront the witnesses against him under the 6th and 14th amendments to the U.S. Constitution. Mattox v. U.S., 156 U.S. 237 (1895). In Mattox, the Court stated:

> . . . not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand, and the manner in which he gives his testimony, whether he is worthy of belief. Id. At 242-3 [citation omitted].

Herein, defendant contends that the right to confrontation supersedes the effect of any rules of evidence, so that even if hearsay could fall within an exception under FRE 803 or 804, such evidence must still be excluded as a violation of the defendant's constitutional right to confront the witnesses against him.

Based on the foregoing, the defendant's motion should be granted in its entirety.

DATED: Honolulu, Hawaii, April 20, 2006.

ROBERT ALEXANDER SIGOUIN
Defendant *Pro Se*