IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Cr. NO. 05-00248-02 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING MANDATORY |
| | ) JUDICIAL NOTICE OF |
| v. | ) VINDICTIVE PROSECUTION, |
| | ) VIOLATION OF SPEEDY TRAIL |
| ROBERT ALEXANDER SIGOUIN, | ) AND PETITION FOR IMMEDIATE |
| | ) RELEASE; ORDER DENYING |
| Defendant. | ) MANDATORY JUDICIAL NOTICE |
| | ) OF VINDICTIVE PROSECUTION |
| _____ | ) |

ORDER DENYING MANDATORY JUDICIAL NOTICE OF VINDICTIVE
PROSECUTION, VIOLATION OF SPEEDY TRAIL AND PETITION FOR
IMMEDIATE RELEASE; ORDER DENYING MANDATORY JUDICIAL
<u>NOTICE OF VINDICTIVE PROSECUTION</u>

This order addresses two motions filed by Defendant Robert Sigouin. On January 30, 2006, Sigouin filed a motion for Mandatory Judicial Notice of Vindictive Prosecution, Violation of Speedy Trial and Petition for Immediate Dismissal of Case # CR 05-00248 JMS ("first motion"). Sigouin's first motion alleges that the government has engaged in vindictive prosecution and has violated the Speedy Trial Act as well as Sigouin's Sixth Amendment right to a speedy trial. On April 17, 2006, Sigouin filed a motion for Mandatory Judicial Notice of Vindictive Prosecution ("second motion"). Sigouin's second motion essentially supplements his allegations of vindictive prosecution contained in the first motion.

Consequently, the court will treat the two motions together in this order.  For the reasons stated herein, both motions are DENIED.

## I.  SPEEDY TRIAL

Sigouin alleges that his rights under both the Speedy Trial Act and the Sixth Amendment to the United States Constitution have been violated.  The court has carefully examined the time line leading up to Sigouin's trial and concludes that neither the Speedy Trial Act nor the Sixth Amendment has been violated.

A.   Speedy Trial Act

The Speedy Trial Act's seventy-day clock began to run on June 15, 2005 when an indictment was filed against Sigouin and his co-defendants.  The clock was tolled from June 15, 2005 until June 24, 2005 while a motion to detain Sigouin was pending.  The clock then ran from June 24, 2005 until August 16, 2005, for a total of 52 days.

The clock was tolled again from August 16, 2005 until November 8, 2005 pursuant to a stipulation to exclude time.  On November 1, 2005, while the clock was tolled pursuant to the stipulation, Sigouin filed a Motion to Sever, which also tolled the speedy trial clock. Magistrate Judge Barry M. Kurren ruled on Sigouin's Motion to Sever on March 24, 2006.  While the Motion to Sever was

pending, however, Sigouin filed the first motion addressed in this order. The court heard this motion on April 21, 2006. The clock was thus tolled again after March 24, 2006, when Judge Kurren ruled on the Motion to Sever, until April 21, 2006, when the court heard the instant motion. Sigouin's trial commenced on April 25, 2006.[1]

In addition to the stipulation and Sigouin's two motions discussed above, Sigouin filed numerous other motions in this case. Cash also filed several motions and there was a delay during which Sigouin received a mental evaluation.

By the court's calculation, the speedy trial clock ran for a total of 55 days by the time Sigouin's trial began: 52 days from June 24, 2005 to August 16, 2005, and 3 days from April 21, 2006 to April 25, 2006. Therefore, any delays have not violated the Speedy Trial Act.

Sigouin also suggests that his attorney conspired with the government to delay trial and deny him his right to a speedy trial. There is simply no evidence to support this allegation or to suggest that the stipulation to exclude time under the act was somehow invalid.

---

[1] Sigouin plead guilty on April 26, 2006, after the jury had been selected. The trial proceeded against his co-defendant.

B.  Sixth Amendment

Sigouin argues that the delay leading up to his trial violated his Sixth Amendment right to a speedy trial.  The court considers the following four factors in determining whether Sigouin's Sixth Amendment right to a speedy trial was violated:  (1) the length of the delay leading up to trial; (2) the reasons for that delay; (3) whether and when the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay.  *Barker v. Wingo*, 407 U.S. 514 (1972).

The first *Barker* factor acts as "a triggering mechanism"; there is no need for the court to inquire into the other factors unless it is presented with a delay that is "presumptively prejudicial." *Id.* at 530.  A longer delay is tolerated for more complex cases, such as conspiracy cases.  The court concludes that, given the complexity of this multiple-defendant case and the time consumed addressing Sigouin's numerous motions and his mental evaluation, the delay leading to trial in this case was reasonable.

II.  VINDICTIVE PROSECUTION

Sigouin also contends that the government has engaged in vindictive prosecution.  A prosecutor violates a defendant's right to due process if he or she uses the charging process to penalize the exercise of the defendant's rights.

*United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001). Sigouin asserts that the government retaliated against him after he refused to cooperate with law enforcement and refused to plead guilty.

Sigouin advances three theories in support of his vindictive prosecution claim. First, he alleges that the prosecution added charges against him after he refused to plead guilty; second, he contends that the government has threatened to ruin his family; and third, he alleges that the prosecution conspired with his own court-appointed attorney. The court concludes that the government has not engaged in vindictive prosecution under any of these theories.

A.  Superceding Indictments

Sigouin alleges that the prosecution added additional charges against him after he refused to accept a plea bargain. Specifically, Sigouin contends that the prosecution added a count to the indictment charging him with being a alien in possession of ammunition after he refused to plead guilty to other charges. Nothing about the conduct of the prosecution suggests vindictiveness, however. It is entirely appropriate for the government to add charges to the indictment when a defendant refuses to cooperate; such additional charges do not, without more, give rise to a presumption of vindictiveness. *Hernandez-Herrera*, 273 F.3d at 1217 ("[I]n the context of pretrial plea negotiations vindictiveness will not be presumed

simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." (Quoting *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000).)  (Block quote formatting omitted.)).

B.  Sigouin's Family

Sigouin also alleges that the government retaliated against his family after he refused to cooperate with law enforcement.  He contends that the FBI visited his daughter's school, where his wife also works, thereby embarrassing and disturbing his wife and daughter.  He also contends that the prosecution subpoenaed his wife and son to appear at the trial.  Sigouin argues that this conduct was vindictive because his wife, daughter, and son had nothing to do with the charges against him.

Sigouin has not produced any evidence, however, suggesting inappropriate conduct on the part of the government.  Based on the limited information provided to the court, the government's contact with Sigouin's family appears to have been limited to routine investigation.

C.  Alleged Collusion with Kawana

Sigouin alleges that his former attorney, Richard Kawana, provided privileged or confidential information to the government.  Sigouin submitted various reports showing that agents contacted certain people whose names Sigouin

had given to Kawana. Sigouin's theory is that the agents could not have obtained certain information, including the identity of a man named Ritchie Mudd, unless they obtained it from Kawana. Sigouin contends that the agents concocted a series of reports containing fabricated leads in order to cover up the fact that they received information from Kawana.

        Kawana testified he did not share any privileged or confidential information with the government and the court finds his testimony credible. Kevin Simpkins, a witness whose interview report Sigouin claims the agents manipulated, also testified. Mr. Simpkins's testimony was consistent with reports submitted by Sigouin. Accordingly, the court finds that Kawana did not share confidential information with the government about Sigouin.

//

//

//

//

//

//

//

//

## III.  CONCLUSION

For the reasons stated herein, the court DENIES both of Sigouin's motions concerning his right to a speedy trial and vindictive prosecution.

IT IS SO ORDERED

DATED:  Honolulu, Hawaii, April 28, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States of America v. Sigouin*, Cr. No. 05-00248-02 JMS, Order Denying Mandatory Judicial Notice of Vindictive Prosecution, Violation of Speedy Trial and Petition for Immediate Release; Order Denying Mandatory Judicial Notice of Vindictive Prosecution