IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | DECLARATION OF MARK A. INCIONG |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT ALEXANDER SIGOUIN, (03) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF MARK A. INCIONG

I, MARK A. INCIONG, hereby state:

1. I am an Assistant U.S. Attorney for the District of Hawaii and I am one of the attorneys responsible for representing Plaintiff United States of America in the above-captioned action.

2. On March 13, 2006, a Fourth Superseding Indictment was returned by a federal grand jury in the District of Hawaii, in which Defendant Robert Alexander Sigouin was charged in Counts 1 and 2 with felony drug offenses in violation of 21 U.S.C. §§ 841 and 846. In Count 6 of the Fourth Superseding Indictment, the United States expressed its intent to seek forfeiture of Defendant's property, including $26,790 in United States currency, pursuant to 21 U.S.C. § 853.

3. On April, 25, 2006, jury selection commenced in the trial against Defendant Robert Alexander Sigouin and his co-defendant, Kevin Patrick Cash.

4. Just prior to the commencement of opening statements on April 26, 2006, Defendant Robert Alexander Sigouin orally entered guilty pleas, without a plea agreement, to Counts 1, 2 and 7 of the Fourth Superseding Indictment and expressly agreed to forfeit $26,760 in United States currency as charged in Count 6. Defendant Robert Alexander Sigouin also specifically admitted that the $26,760 was subject to forfeiture, pursuant to 21 U.S.C. § 853, as property constituting, or derived from, proceeds that he had obtained as the result of the offenses alleged in Counts 1 and 2 of the Fourth Superseding Indictment.

5. Defendant Robert Alexander Sigouin currently is scheduled to be sentenced by this Court on August 31, 2006.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(1)-(3), a preliminary order of forfeiture be entered as soon as practicable after the acceptance of a guilty plea in order to permit, among other things, the commencement of the ancillary proceeding to resolve any third party rights. Rule 32.2(b)(1) provides in pertinent part:

> <u>As soon as practicable after</u> entering a guilty verdict or <u>accepting a plea or guilty</u> or *nolo contendere* <u>on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute</u>. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.

Rule 32.2(b)(2) provides in pertinent part:

> If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) provides in pertinent part:

> The entry of the preliminary order of forfeiture authorizes the Attorney General (or a designee) . . . to commence proceedings that comply with any statutes governing third-party rights. At sentencing . . . the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. . . .

7. On May 10, 2006, I sent a proposed Preliminary Order of Forfeiture to Glenn D. Choy, Esq., who was then counsel representing Defendant Robert Alexander Sigouin in this action, for signature.

8. On July 25, 2006, Mr. Choy advised me that defendant Robert Alexander Sigouin had refused to sign the Preliminary Order of Forfeiture.

9. In light of the foregoing circumstances, the United States respectfully urges the Court to enter a preliminary order of forfeiture based upon the evidence presented during the trial and in accordance with Defendant Robert Alexander Sigouin's oral guilty plea.

10. Based upon the evidence presented during the trial and in accordance with Defendant Robert Alexander Sigouin's oral guilty plea, the United States has established the requisite nexus between the $26,790 in United States currency and the drug offenses to which Defendant Robert Alexander Sigouin has pleaded guilty -- <u>i.e.</u>, Counts 1 and 2 of the Fourth Superseding Indictment. Accordingly, the $26,790 in United States currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(1).

11. A proposed Preliminary Order of Forfeiture is submitted contemporaneously with this motion for the Court's convenience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th date of July, 2006 at Honolulu, Hawaii.

MARK A. INCIONG