EDWARD H. KUBO, JR. (#2499)
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI (#2286)
Chief, Narcotics Section

MARK A. INCIONG (C.A. BAR #163443)
RACHEL S. MORIYAMA (#3802)
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email: Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248 JMS |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| vs. | ) | |
| | ) | |
| ROBERT ALEXANDER SIGOUIN, (02) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE

As a result of Defendant Robert Alexander Sigouin's guilty plea to Counts 1 and 2 of the Fourth Superseding Indictment, for which the government sought forfeiture pursuant to 21 U.S.C. § 853, Defendant Robert Alexander Sigouin shall forfeit to the United States all property constituting, or derived from, any proceeds that he obtained as the result of the

offenses alleged in Counts 1 and 2 of the Fourth Superseding Indictment, and all property used or intended to be used in any manner or part to commit or facilitate the commission of the offenses alleged in Counts 1 and 2 of the Fourth Superseding Indictment.

The Court has determined, based upon Defendant's guilty plea, that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the government has established the requisite nexus between such property and the offenses alleged in Counts 1 and 2 of the Fourth Superseding Indictment:

> Approximately Twenty-six thousand seven hundred ninety dollars ($26,790) in United States Currency seized on June 3, 2005 from a room with a skull and sword on the door in the residence at 6157 Makaniolu Place, Honolulu, Hawaii

(the above-referenced property is hereinafter referred to as the "Subject Property").

Upon the entry of this Order, the Secretary of the Treasury (or a designee) is authorized to seize the Subject Property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the Secretary of the Treasury (or a designee) is authorized to commence any applicable

proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of this Order and its intent to dispose of the Subject Property in such a manner as the Secretary of the Treasury (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the Defendant. Rule 32.2(c)(1).

Any person, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

USA v. Robert Alexander Sigouin; Cr. No. 05-00248 JMS
"Preliminary Order of Forfeiture"