IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00248-02 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | CORRECT OR REDUCE A |
| vs. | ) | SENTENCE PURSUANT TO |
| | ) | FEDERAL RULE OF CRIMINAL |
| ROBERT SIGOUIN,   (02) | ) | PROCEDURE 35(a) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO CORRECT OR REDUCE A SENTENCE
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)

Defendant Robert Sigouin ("Sigouin") filed a timely motion seeking a reduction in his sentence pursuant to Fed. R. Crim. P. 35(a). For the reasons stated below, the motion is DENIED.

I. **BACKGROUND**

On March 15, 2007, Sigouin was charged in a Fourth Superseding Indictment with: 1) conspiracy to distribute and possess with intent to distribute heroin from a date unknown up to May 29, 2005; 2) attempting to possess with the intent to distribute heroin on May 29, 2005; 3) possessing ammunition while being an alien illegally and unlawfully in the United States; and 4) criminal forfeiture.

On April 26, 2006, after jury selection began, Sigouin entered a plea to all counts against him in the Fourth Superseding Indictment without a plea agreement. At his sentencing hearing, Sigouin objected to the inclusion of any heroin to determine his applicable guideline range other than the heroin that he admitted he was to obtain on May 29, 2005 for the purpose of resale. Based on this objection, the court ordered the government either to produce evidence as to any other heroin involved in the conspiracy for which Sigouin was legally responsible or to accept Sigouin's calculations based on the heroin involved in the May 29, 2005 deal.

On March 23, 2007, the government presented evidence as to the full scope of Sigouin's heroin distribution through the testimony of co-defendant Virginia Rosas Guerrero. Based on her testimony, the court determined that Sigouin was responsible pursuant to United States Sentencing Guideline § 1B1.3 for 1,645 grams of heroin. He was then sentenced to 84 months incarceration followed by five years of supervised release, and a $300 special assessment.

In a pleading filed in this court on March 30, 2007, Sigouin requests a reduction in his sentence pursuant to Fed. R. Crim. P. 35(a). In this motion, Sigouin argues that the court incorrectly determined the amount of heroin for which he is legally responsible as relevant conduct. He appears to argue that,

despite the court's finding to the contrary, Guerrero was not a credible witness and that she could not have delivered 400 grams of heroin to Sigouin as she testified happened on one occasion. Apparently in an attempt to bring his motion within the scope of Rule 35(a), Sigouin also claims that the court, in determining the amount of heroin, made an "arithmetical error."

## II.  ANALYSIS

Rule 35(a) permits a court, within 7 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error."[1] The advisory committee's note to the 1991 amendments states that:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action[.]  The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

---

[1] The present wording of the rule differs slightly from its predecessor, Fed. R. Crim. P. 35(c).  However, "[n]o change in practice is intended" by the slight change in wording in the new rule.  *See* Fed. R. Crim. P. 35 advisory committee's note on 2002 amendments.

Thus, the Ninth Circuit has explained that the rule does not give the district court jurisdiction "to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error." *United States v. Portin*, 20 F.3d 1028, 1030 (9th Cir. 1994). As a result, where a court does not impose a sentence in error, it is without jurisdiction to reconsider the sentence. *United States v. Durham*, 178 F.3d 796 (6th Cir. 1999).

The court finds that it did not sentence Sigouin in error, and thus has no jurisdiction over this matter. The court found that Guerrero's testimony was credible and supported her claim that she had delivered heroin to Sigouin on at least eight occasions prior to May 29, 2005. The estimate as to the amount of drugs was conservative. The court further found that Sigouin's testimony

\\\

\\\

\\\

\\\

\\\

\\\

\\\

at the sentencing hearing was not credible.  At best, Sigouin is rehashing the same argument made during his sentencing hearing.

Thus, Sigouin's motion to modify his sentence is DENIED.[2]

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, April 3, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Sigouin*, Cr. No. 05-00248-02 JMS, Order Denying Motion to Correct or Reduce a Sentence Pursuant to Federal Rule of Criminal Procedure 35(a)

---

[2]  Even if the court did have jurisdiction to reconsider the sentence, it would decline to grant the relief sought. The court believed at the time of sentencing, and believes now, that the amount of heroin attributed to Sigouin is fully supported by the facts and law.