IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO.  05-00248-02 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING MOTION TO |
| | ) RECONSIDER ORDER DENYING |
| vs. | ) MOTION TO CORRECT OR |
| | ) REDUCE A SENTENCE |
| ROBERT SIGOUIN,      (02) | ) PURSUANT TO FEDERAL RULE |
| | ) OF CRIMINAL PROCEDURE 35(a) |
| Defendant. | ) |
| _____ | ) |

**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING
MOTION TO CORRECT OR REDUCE A SENTENCE PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)**

On March 30, 2007, pro se Defendant Robert Sigouin ("Sigouin")
filed a timely motion seeking a reduction in his sentence pursuant to Fed. R. Crim.
P. 35(a).  That motion was denied by written order on April 4, 2007.

On April 13, 2007, Sigouin filed a document entitled "Motion in
Response to Order Denying Motion to Reduce Sentence Pursuant to Federal Rule
of Criminal Procedure 35(a)."  The court construes this pleading as a motion for
the court to reconsider its April 4, 2007 Order.

A "motion for reconsideration must accomplish two goals.  First, a
motion for reconsideration must demonstrate reasons why the court should

reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O ʻAha ʻIno v. Galiher*, 60 F. Supp.2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  The District of Hawaii has implemented these standards in Local Rule 60.1[1].

---

[1]  Local Rule 60.1 provides that:

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law;

(c) Manifest error of law or fact.

2

After a careful review of the Motion to Reconsider, the court finds that Sigouin has not presented the court with a change in controlling law, the discovery of new evidence, or a need to correct a manifest error of law or fact. As a result, the motion is DENIED.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, April 17, 2007.



J. Michael Seabright
United States District Judge

*United States v. Sigouin*, Cr. No. 05-00248-02 JMS, Order Denying Motion to Reconsider Order Denying Motion to Correct or Reduce a Sentence Pursuant to Federal Rule of Criminal Procedure 35(a)