UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338

CLERK

OFFICIAL BUSINESS

RECEIVED
CLERK U.S. DISTRICT COURT
JUL 18 2008
3:10pm
DISTRICT OF HAWAII

CV 08-00323 JMS

RETURN TO SENDER
( ) NOT AT THIS ADDRESS
( ) ADDRESSEE UNKNOWN
( ) UNAUTHORIZED
( ) NEED CORRECT INMATE NAME/REG. NO.

Robert Alexander Sigou...
Federal Detenti...
P.O. B...
...lulu, HI 96820

PRESORTED
FIRST CLASS

US POSTAGE $01.06

Page 2

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 14 2008

at 2 o'clock and 40 min P M.
SUE BEITIA, CLERK

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Hawaii |
|---|---|
| Name (under which you were convicted): Robert Alexander Sigouin | Docket or Case No.: CR-05-00248 JMS |
| Place of Confinement: E.D.C. Eden, Texas | Prisoner No.: 92215-022 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) v. Robert Alexander Sigouin |

CV 08-00323 JMS

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court District of Hawaii

   (b) Criminal docket or case number (if you know): CR-05-00248 J.M.S.

2. (a) Date of the judgment of conviction (if you know): ?

   (b) Date of sentencing: March 23rd 2007

3. Length of sentence: 84 Months

4. Nature of crime (all counts):
   1- Intent to posess with intent to distribute Heroin approx 245 G.
   2- Conspiracy to posess + distribute approx 295 Grams
   3- Posession of 41-22 caliber bullets

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _____

   _____
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____
   _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

   _____
   _____
   _____
   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☑   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: *United States District Court District of Hawaii*
        (2) Docket or case number (if you know): *CR-05-00248 JMS*
        (3) Date of filing (if you know): *March 30th and April 13th 2007*

(4) Nature of the proceeding: _Sentence Adjustment pursuant to Rule 35A,_

(5) Grounds raised: _Clear error at sentence_

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result: _"_

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court: _United States District Court District of Hawaii_

  (2) Docket or case number (if you know): _CR-05-00248 JMS_

  (3) Date of filing (if you know): _April 13th 2007_

  (4) Nature of the proceeding: _____

  (5) Grounds raised: _Clear Error at sentence_

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

  (7) Result: _____

  (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:    Yes ☐   No ☑

  (2) Second petition:   Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I was so dissapointed + confused by the Court that I thought I might be better applying for a Treaty Transfer to Canada.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Inefficiency of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Before being allowed to proceed Pro-Se Richard Kawana (court appointed counsel) told me and my spouse I should plead guilty as with acceptance of responsibility + safety value I would be at level 21. Never once did he ever mention to me or my wife about relevant conduct. After this standby counsel Glen Choy told both me and my wife the same. Never once anything about a possible increase because of relevant conduct. A month or less after my guilty plea Choy told me relevant conduct was raising my offense level to 34. Knowing the prosecutor he should have anticipated this and told me. He's an attorney he is suposed to know these things. These attorneys were colluding with the prosecutor and this is wrong. But that's exactly how it happened. After sentence stand-by counsel Brandon Flores did not advise me to appeal this sentence that is also wrong. All these attorneys were all there to confuse me and that's ANARCHY. They were all colluding with the prosecutor

(b) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No ☑
   (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐  No ☑
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐
(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

GROUND TWO: *Prosecutorial missconduct or vindictive prosecution.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I plead guilty to approx 295 grams of a substance containing heroine, not more. After my guilty plea the point level was increased by 8, points for a switchblade and 1500 more grams of heroine. There was no new evidence disclosed that was not available on discovery before the guilty plea or the completion of the 4th superseding indictment. The indictment was meant to mislead and deceive the defendant. The preponderance of evidence used to increase sentence is merely hearsay, hearsay by the prosecutor and F.B.I. At the time of sentence preponderance of evidence is not sufficient to increase sentence as agreed by pre-sentence report and standby counsel Brandon Flores. FACT Rosas Guerrero's testimony consistently states that she has no idea how much drugs were involved. This increase in

*for relevant conduct is nothing but hate and prejudice towards the defendant and must have NO bearing on sentence. Being disliked, hated is not a crime. This is pre-meditated persecution NOT PROSECUTION*

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐  No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐  No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐  No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐  No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: _Due Process_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

There was NO evidence disclosed to the defendant that could allow a point increase. Any evidence not disclosed to Mr. Liguori before sentencing is inadmissable. On the previous sentence date Judge Seabright repeatedly told the prosecutor that there were much too many different amounts, stories & testimony to allow an enhancement. There was no admissable evidence at sentencing that ~~could~~ should have changed that FACT. All facts were available long before the last superseding indictment was issued. I was a Pro. Se defendant. Every time I request complete original (not edited computer assisted version) during and after prosecution & sentence the transcripts requested and needed for my defence and appeal have been withheld.

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

GROUND FOUR: _Clear Error at Sentencing_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pro-Se Defendant Robert Siguin filed a Rule 35A of Post Sentencing Procedure on Clear Error at Sentencing. There is NO DOUBT that there was Clear Error at sentence. The motions denying this clear error are MOOT because even on the prosecutions motion it says that "if there is clear error at sentence the error should be corrected". There is NO DOUBT (easily proven by original unedited not computer assisted transcript) that an error was indeed committed. For some reason? It also says that Mr. Siguin's testimony was not credible (this is false, a lie and meant to confuse.)

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☑   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _Rule 35A of Post Sentencing Procedure_

    Name and location of the court where the motion or petition was filed: _United States District Court District of Hawaii._

    Docket or case number (if you know): _CR-05-00248 JMS_

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: *I was a Pro-Se defendant, confused and very dissapointed in the hypochricy of the denial and thought that a treaty transfer would be the best solution. But the transfer was denied.*

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *I did not go to Court on this motion.*

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?  Yes ☐  No ☑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: *Richard Kawana*
    (b) At arraignment and plea: *Glen Choy — Stand-by*
    (c) At trial: _____
    (d) At sentencing: *Brandon Flores — Standby*

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    _____

    (b) Give the date the other sentence was imposed: _____

    (c) Give the length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* I Robert Alexander Liggins #92215-022 had no access whatsoever to any law library or any library for four months because I was in transit from F.D.C. Honolulu to Eden Detention Center in Eden, Texas. I was three months at San Bernadino County, fifteen days at the Federal Transfer Center in Oklahoma City and after arrival at E.D.C. I was fifteen days in Special Housing (the hole) while waiting for a bunk assignment.

This was from the end of April 2007 until the end of August 2007.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: _Vacate and Correct Sentence,_

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _July 8th 2008_ (month, date, year).

Executed (signed) on _July 8th 2008_ (date).

_Robert [signature]_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

* * * * *

I Filed a In Forma Pauperis declaration + motion on Feb. 02, 2006 in the United States District Court District of Hawaii. All information is basically the same. I am including a statement of the moneys that my family sends me for hygiene + phone that Eden Detention Center has in my account.

Respectfully,
Robert [signature]

Additional information. 1- Disparity in sentence: No one else in this case received a sentence enhancement for relevant conduct. Mr. Siqouin's co-defendant Kevin Cash was sentenced to less time but, when arrested at Ala Moana Shopping Center he was in possession of a loaded 357 magnum revolver. Judge Seabright signed a motion saying that Robert Siqouin was sentenced to 84 months on each count including possession of 41-22 caliber bullets found in Mr. Siqouin's room (not a crowded shopping center) and NO GUN.

2- Not just one but three attorneys (Richard Kawana, Glen Choy and Brandon Flores), the prosecutor, magistrate Judges, Judge Seabright, the probation officer, the F.B.I., prison counsellors; all employed by the U.S. Government ever told or even mentioned to ME Robert Siqouin that the sentence and drug amount could be enhanced (changed) after my guilty plea for relevant conduct. They also never told me that they would deny a treaty transfer. This is knowledge they all had because of their extensive dealings with the Courts and Laws. Withholding FACTS, important FACTS to a defendant who has been allowed by the Court to proceed PRO-SE is worse than lies, it's deception, fraud, misleading and prejudice.

I am over 60, a first time offender, a non violent father + grandfather. I have a Wife + 13 year old daughter that desperately need my help and support.

I realize I did wrong. I broke the law and am truly repentant for this to the F.B.I. and the Courts and to my entire family. I allowed myself to be controled by drugs and alcohol. After 3 years of incarceration and being a born again Christian studying the Bible I am positive that I am cured of these terrible diseases. Once Jesus Christ puts the Holy Spirit in someone, there is no place left for wickedness.

The Bible (God's word) is very clear on Karma or doing unto others, that's why I pray for everyone in the Hawaii Court everyday. Three of the greatests attributes a man can have are Honor, Integrity and forgiveness. No one likes to admit when they are wrong. Myself I humbly apologize for any disrespect to anyone.

Respectfully,
Robert Siqouin

P6

**Inmate:** SIGOUIN, ROBERT ALEXA
**Booking #:** 1006198      **Permanent ID:** 915928

### Current Account Information
| | | |
|---|---|---|
| Current Balance  90.68 | Escrow Balance  .00 | Restricted Commissary Purchase Amount  .00 |

### Cost Recovery Balances
| | |
|---|---|
| CCA RESTITUTION | .00 |
| MEDICAL VISIT CO-PAYMENT | .00 |
| AGENCY FINES | .00 |
| MISC COST RECOVERY | .00 |
|  | .00 |
|  | .00 |
|  | .00 |
|  | .00 |
|  | .00 |
| STATE RESTITUTION (CA and HI) | .00 |

### Exemptions and Credits

Inmate Account Balance Cannot Go Below .00 This Amount

CM / B. KING

I

A copy of Motion Under 28 U.S.C. § to vacate and korrect sentence by a person in Federal Custody has been sent by U.S. Mail to the following:

Court Clerk,
The United States District Court,
District of Hawaii,
300 Ala Moana Blvd.,
Honolulu, Hawaii, 96850.

Brandon Flores, Attorney,
Ocean View Center,
707 Richards Street, Suite 516,
Honolulu, Hawaii, 96813.

Susanne Jones,
228-1845 Baseline Rd.,
Ottawa, Ontario, K2C 3K4;
Canada

From: Robert Sigouin, #92215-022
B03-063-L,
C.C.A., E.D.C.,
P.O. Box 605,
Eden, Texas, 76837